**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HOSEA LATRON SWOPES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:20-cv-01126-RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on movant Hosea Latron Swopes's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). The motion appears to be untimely. Therefore, for the reasons discussed below, the Court will order movant to show cause why the motion should not be summarily dismissed.

**Background**

On March 23, 2015, movant pleaded guilty to a single-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). *United States v. Swopes*, No. 4:14-cr-243-RLW-1 (E.D. Mo.). He was sentenced by the Court on March 15, 2016 to 180 months' imprisonment and three years' supervised release. Movant subsequently filed a notice of appeal.

Initially, on March 10, 2017, a three-judge panel of the United States Court of Appeals for the Eighth Circuit vacated the judgment of the Court and remanded for resentencing. *United States v. Swopes*, No. 16-1797 (8th Cir. 2017). The three-judge panel found that based on an intervening circuit precedent, second-degree robbery in Missouri did not constitute a violent felony. The Government petitioned for en banc rehearing, which was granted on June 17, 2017. On March 29,

2018, the Court of Appeals, sitting en banc, concluded that second-degree robbery in Missouri was a violent felony, and returned the case to the three-judge panel. *United States v. Swopes*, No. 16-1797 (8ᵗʰ Cir. 2018). The three-judge panel thereupon affirmed the judgment of the Court on June 3, 2018. Movant's petition for en banc rehearing and his petition for panel rehearing were both denied.

Movant filed a petition for writ of certiorari in the United States Supreme Court on August 27, 2018. *Swopes v. United States*, No. 18-5838 (2018). He filed a second petition on January 2, 2019. *Swopes v. United States*, No. 18-7233 (2019). The first petition for writ of certiorari was denied on February 25, 2019, while the second was denied on April 15, 2019.

Movant filed the instant motion on July 20, 2020, by placing it in his prison's mail system. *See Moore v. United States*, 173 F.3d 1131, 1135 (8ᵗʰ Cir. 1999) (stating that a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline).

## The Motion

Movant is a self-represented litigant who is currently incarcerated at the United States Penitentiary in Atwater, California. He has filed a 28 U.S.C. § 2255 motion on a Court-provided form, challenging the judgment in *United States v. Swopes*, No. 4:14-cr-243-RLW-1 (E.D. Mo.). The motion contains a single ground for relief, in which movant argues that his juvenile delinquency was used as a "predicate to classify [him] as a[n] armed career criminal without the above mentioned predicate being legally determine[d] as a predicate offense consistent with 924(e)(1)." (Docket No. 1 at 4). As such, movant asks the Court to vacate his sentence. (Docket No. 1 at 11).

2

## Discussion

Movant has filed a 28 U.S.C. § 2255 motion seeking to vacate his sentence. For the reasons

discussed below, the motion appears to be untimely, and movant will be directed to show cause

why this action should not be denied and dismissed.

### A. Statute of Limitations

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period.

*Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the

latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that

a prisoner must file a motion within one year of the date on which the judgment of conviction

becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on

which the judgment of conviction becomes final." If movant has filed a petition for writ of

certiorari, the denial of such petition by the United States Supreme Court fixes the point of finality

for his or her conviction. *See United States v. McIntosh*, 332 F.3d 550, 550 (8th Cir. 2003) (stating

3

that movant's "conviction became final upon completion of direct review when the Supreme Court denied certiorari…and he had one year from that date to file his section 2255 motion"); and *Sweet v. Delo*, 125 F.3d 1144, 1155 (8th Cir. 1997) (explaining that the United States Supreme Court's denial of movant's "petition for certiorari…fixes the point of finality").

Movant's second petition for writ of certiorari was denied on April 15, 2019. This date is the point where his conviction became final on direct review. Movant had one year from April 15, 2019 to timely file a 28 U.S.C. § 2255 motion. That period expired on April 15, 2020. Movant did not place his § 2255 motion in his prison's mail system until July 20, 2020, approximately ninety-six days later. Therefore, it appears that the motion is untimely.

**B. Order to Show Cause**

As discussed above, it appears that movant's § 2255 motion is untimely. Under 28 U.S.C. § 2255(f)(1), movant's one-year limitations period expired on April 15, 2020, but movant did not file his motion until July 20, 2020. Before dismissing a case for untimeliness, however, a court must accord the movant fair notice and an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Therefore, movant will be directed to show cause why his § 2255 motion should not be dismissed as time-barred. If movant seeks to argue that equitable tolling should apply, he must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing.

The Court notes that the timeliness section of movant's § 2255 motion states: "Covid-19 pandemic; modified lock down here at Atwater." (Docket No. 1 at 12). If movant intends to argue that the coronavirus pandemic kept him from filing, he must provide information regarding when the lockdown began, what the lockdown entails, and why the lockdown actually prevented his filing, especially since the bulk of movant's limitations period appears to have occurred before the

4

pandemic began. Movant will be given **thirty (30) days** from the date of this order in which to submit a written response. Failure to respond will result in the dismissal of this motion without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause in writing within **thirty (30) days** of the date of this order why his 28 U.S.C. § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this order within **thirty (30) days**, movant's 28 U.S.C. § 2255 motion will be dismissed without further proceedings and without further notice.

Dated this 22nd day of October, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

5