**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

HOSEA LATRON SWOPES,                    )
                                        )
        Movant,                         )
                                        )
    v.                                  )          No. 4:20-cv-01126-RLW
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        Respondent.                     )

**MEMORANDUM AND ORDER**

This matter comes before the Court on movant Hosea Latron Swopes's motion for appointment of counsel. (Docket No. 3). There is neither a statutory nor constitutional right to appointed counsel in proceedings pursuant to 28 U.S.C. § 2255. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (rejecting suggestions that a right to counsel on discretionary appeals be established, and explaining "that the right to appointed counsel extends to the first appeal of right, and no further"); and *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964) (stating that "a federal convict filing a motion under § 2255 is not entitled, as a matter of constitutional right, to have court-appointed counsel in the preparation and presentation of such a motion in the District Court or the Court of Appeals"). Rather, the Court may appoint counsel in a § 2255 case if the interests of justice so require. *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B); and *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action" and that appointment of counsel is reviewed "for abuse of discretion").

However, if the Court conducts an evidentiary hearing, the interests of justice require the appointment of counsel. Rule 8(c) of the Rules Governing § 2255 Proceedings for the United States

District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A"); and *Green v. United States*, 262 F.3d 715, 716 (8ᵗʰ Cir. 2001) (determining that it was error for the district court to deny movant counsel when it held an evidentiary hearing).

In this case, the Court has not conducted an evidentiary hearing. To the contrary, on October 22, 2020, the Court directed movant to show cause why his § 2255 motion should not be dismissed as time-barred. (Docket No. 2). In that order, the Court instructed movant to provide an explanation as to why his motion was not untimely, or why such untimeliness should be excused. Movant has not demonstrated why he needs appointed counsel to provide this particular information. Therefore, movant's motion for appointment of counsel will be denied at this time.

Movant also requests an extension of time to respond to the Court's order to show cause. The Court will give movant thirty days from the date of this order in which to submit his response. Failure to respond will result in the dismissal of this action without further proceedings and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that movant shall have **thirty (30) days** from the date of this order in which to show cause in writing why his 28 U.S.C. § 2255 motion should not be dismissed as time-barred.

2

**IT IS FURTHER ORDERED** that if movant fails to comply with this order within **thirty**

**(30) days**, movant's 28 U.S.C. § 2255 motion will be dismissed without further proceedings and

without further notice.

Dated this ⎯17th⎯ day of ⎯November⎯, 2020.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

3