UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HOSEA LATRON SWOPES,           )
                               )
            Movant,            )
                               )
     v.                        )          No. 4:20-cv-01126-RLW
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On October 22, 2020, the Court reviewed movant Hosea Latron Swopes's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Docket No. 2). Based on that review, the Court determined that the motion was untimely, and directed movant to show cause as to why it should not be denied and dismissed. Movant has not filed a response. Thus, for the reasons discussed below, movant's 28 U.S.C. § 2255 motion must be denied and dismissed as time-barred.

### Background

Movant is a self-represented litigant currently incarcerated at the United States Penitentiary in Atwater, California. On March 23, 2015, he pleaded guilty to a single-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). *United States v. Swopes*, No. 4:14-cr-243-RLW-1 (E.D. Mo.). Movant was sentenced by the Court on March 15, 2016 to 180 months' imprisonment and three years' supervised release. He subsequently filed a notice of appeal.

Initially, movant's appeal was successful. On March 10, 2017, a three-judge panel of the United States Court of Appeals for the Eighth Circuit vacated the judgment of the Court and

remanded for resentencing. *United States v. Swopes*, No. 16-1797 (8th Cir. 2017). The panel determined that based on an intervening circuit precedent, second-degree robbery in Missouri did not constitute a violent felony.

The Government petitioned for an en banc rehearing, which was granted on June 17, 2017. On March 29, 2018, the Court of Appeals, sitting en banc, concluded that second-degree robbery in Missouri was a violent felony, and returned the case to the three-judge panel. *United States v. Swopes*, No. 16-1797 (8th Cir. 2018). The three-judge panel thereupon affirmed the judgment of the Court on June 3, 2018. Movant's petition for en banc rehearing and his petition for panel rehearing were both denied.

Movant filed a petition for writ of certiorari in the United States Supreme Court on August 27, 2018. *Swopes v. United States*, No. 18-5838 (2018). He filed a second petition on January 2, 2019. *Swopes v. United States*, No. 18-7233 (2019). The first petition for writ of certiorari was denied on February 25, 2019, while the second was denied on April 15, 2019.

Movant filed the instant motion on July 20, 2020, by placing it in his prison's mail system. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (stating that a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline).

In his motion, movant presented a single ground for relief, arguing that his juvenile delinquency was used as a "predicate to classify [him] as a[n] armed career criminal without the above mentioned predicate being legally determine[d] as a predicate offense consistent with 924(e)(1)." (Docket No. 1 at 4). As such, he asked the Court to vacate his sentence. (Docket No. 1 at 11).

2

On October 22, 2020, the Court determined that movant's 28 U.S.C. § 2255 motion appeared untimely. (Docket No. 2). The Court directed movant to show cause why his motion should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (stating that before dismissing a case for untimeliness, a court must afford the movant fair notice and an opportunity to present his position). The Court advised movant that if he intended to argue that equitable tolling should apply, he must show that he had been pursuing his rights diligently, and that some extraordinary circumstance prevented timely filing. He was given thirty days to submit a response.

On November 13, 2020, movant filed a motion for the appointment of counsel. (Docket No. 3). The Court denied the motion on November 17, 2020. (Docket No. 4). However, the Court gave movant an additional thirty days in which to file his show cause response.

On January 11, 2021, movant filed a motion seeking an extension of time in which to respond to the Court's show cause order. In the motion, movant noted that he was on modified lockdown status due to COVID-19. The Court granted movant's motion on January 12, 2021, giving him an additional forty-five days to respond. Movant's show cause response was due on or before February 26, 2021.

The deadline for movant's show cause response has expired. Indeed, the Court has given him more than forty-five days. Nevertheless, movant has not submitted a response, nor has he sought an additional extension of time.

## Discussion

Movant has filed a 28 U.S.C. § 2255 motion seeking to vacate his sentence. For the reasons discussed below, the motion will be denied and dismissed as time-barred. Furthermore, there is no basis on which to apply equitable tolling.

3

## A. Statute of Limitations

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." If movant has filed a petition for writ of certiorari, the denial of such petition by the United States Supreme Court fixes the point of finality for his or her conviction. *See United States v. McIntosh*, 332 F.3d 550, 550 (8th Cir. 2003) (stating that movant's "conviction became final upon completion of direct review when the Supreme Court denied certiorari…and he had one year from that date to file his section 2255 motion"); and *Sweet v. Delo*, 125 F.3d 1144, 1155 (8th Cir. 1997) (explaining that the Supreme Court's denial of movant's "petition for certiorari…fixes the point of finality").

Movant's second petition for writ of certiorari was denied on April 15, 2019. This date is the point where his conviction became final on direct review. Movant had one year from April 15, 2019 to timely file a 28 U.S.C. § 2255 motion. That period expired on April 15, 2020. Movant did not place his § 2255 motion in his prison's mail system until July 20, 2020, approximately ninety-six days later. Therefore, his motion is untimely.

## B. Equitable Tolling

The limitations period for 28 U.S.C. § 2255 motions is not jurisdictional and is therefore subject to the doctrine of equitable tolling. *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016). Nevertheless, the doctrine of equitable tolling provides an "exceedingly narrow window of relief." *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). "The one-year statute of limitation may be equitably tolled only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). The extraordinary circumstances must not be attributable to the movant and must be beyond his or her control. *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009). The movant must also demonstrate that he acted with due diligence in pursuing his petition. *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). The use of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002).

Equitable tolling is applicable when "the government's conduct lulled the movant into inaction through reliance on that conduct." *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). However, "confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are

inadequate to warrant equitable tolling." *Id. See also United States v. Mendez*, 860 F.3d 1147, 1151 (8th Cir. 2017) (stating that "a pro se litigant's misunderstanding of the relevant law and limitations periods does not justify equitable tolling"). Equitable tolling is also not warranted by a pro se litigant's lack of legal knowledge or resources. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); and *United States v. Bell*, 68 Fed. Appx. 762, 2003 WL 21523470, at *2 (8th Cir. 2003) (applying *Kreutzer* to a § 2255 motion).

Here, movant does not allege governmental or attorney misconduct, or even that he lacked the legal resources to timely file. Instead, in the "Timeliness" section of his 28 U.S.C. § 2255 motion, movant states, in full: "COVID-19 pandemic; modified lock down here at Atwater." (Docket No. 1 at 12). Movant provides no further explanation. As discussed above, he was given the opportunity to present an argument in favor of the application of equitable tolling. Movant, however, has not submitted a response to the Court's show cause order, despite being granted two extensions of time.

With regard to movant's allegation regarding the COVID-19 pandemic, the Court notes that COVID-19 is the name of the disease caused by the novel coronavirus known as SARS-CoV-2, which originated in China, and has spread globally, resulting in the declaration of a national emergency. *See* Pres. Proc. No. 9994, 85 Fed. Reg. 15337, 2020 WL 1272563 (Mar. 13, 2020). In the United States, the virus has resulted in hundreds of thousands of cases, and tens of thousands of deaths. *See In re Rutledge*, 956 F.3d 1018, 1023 (8th Cir. 2020).

According to the presidential proclamation declaring a national emergency, the Secretary of Health and Human Services declared a public health emergency on January 31, 2020. Taking that date as the start of the pandemic in the United States, movant still had over nine months, beginning on April 15, 2019, in which to file his 28 U.S.C. § 2255 motion. He provides no

indication as to why he was not able to file his motion before the outbreak of COVID-19. Even assuming that movant would not have been able to file his motion before the pandemic, he has still failed to establish how his modified lockdown status prevented him from timely filing his motion before the one-year limitations period ended on April 15, 2020. For these reasons, movant has not demonstrated that he is entitled to equitable tolling.

## C. Summary Dismissal

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion if it is plainly apparent from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief. As discussed above, it is plainly apparent that movant is not entitled to relief, as his 28 U.S.C. § 2255 motion is untimely. Furthermore, movant has not adequately demonstrated grounds for applying equitable tolling to his motion. Therefore, movant's 28 U.S.C. § 2255 motion must be denied, and this action dismissed.

## D. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2255(f). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 20th day of April, 2021.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

8